1  BILAL A. ESSAYLI
   Acting United States Attorney
2  CHRISTINA T. SHAY
   Assistant United States Attorney
3  Chief, Criminal Division
   KEVIN J. BUTLER (Cal. Bar No. 329129)
4  Acting Chief, Major Crimes Section
   JENA A. MACCABE (Cal. Bar No. 316637)
5  Acting Deputy Chief, Major Crimes Section
   Assistant United States Attorneys
6       1300 United States Courthouse
        312 North Spring Street
7       Los Angeles, California 90012
        Telephone: (213) 894-6495/5046
8       Facsimile: (213) 894-0141
        E-mail:    kevin.butler2@usdoj.gov
9                  jena.maccabe@usdoj.gov

10 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

11

12                 UNITED STATES DISTRICT COURT

13            FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,           No. 5:25-cr-00198-KK-1, 2

15           Plaintiff,                 STIPULATION REGARDING REQUEST FOR
                                        (1) CONTINUANCE OF TRIAL DATE AND
16           v.                         (2) FINDINGS OF EXCLUDABLE TIME
                                        PERIODS PURSUANT TO SPEEDY TRIAL
17 CARLOS VICTOR MESTANZA CERCADO,      ACT
   JAZAEL PADILLA RESTO,
18   aka "Ricardo Noel Moya,"           **CURRENT TRIAL DATES:**    09-22-25
     aka "Ricardo Barbosa,"                                         09-29-25
19   aka "Alberto Javier Loza
   Chamorro,"                           **PROPOSED TRIAL DATE:**     02-23-26
20
             Defendants.
21

22      Plaintiff United States of America, by and through its counsel

23 of record, the Acting United States Attorney for the Central District

24 of California and Assistant United States Attorneys Kevin J. Butler

25 and Jena A. MacCabe, and defendants CARLOS VICTOR MESTANZA CERCADO

26 ("defendant MESTANZA") and JAZAEL PADILLA RESTO, also known as

27 "Ricardo Noel Moya," "Ricardo Barbosa," and "Alberto Javier Loza

28 Chamorro," ("defendant PADILLA," and together with defendant

MESTANZA, "defendants"),[1] both individually and by and through their counsel of record, Adam Axelrad and Elon Berk, respectively, hereby stipulate as follows:

1.    The Indictment in this case was filed on June 11, 2025. Defendant PADILLA first appeared before a judicial officer of the court in which the charges in this case were pending on July 28, 2025.  Defendant MESTANZA first appeared before a judicial officer of the court in which the charges in this case were pending on August 6, 2025.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 6, 2025, for defendant PADILLA and on or before October 15, 2025, for defendant MESTANZA. All other co-defendants either are already pending trial on February 23, 2026, or are fugitives.

2.    On July 28, 2025, the Court set a trial date of September 22, 2025, and a pretrial conference and motion hearing on September 4, 2025, at 1:30 p.m. for defendant PADILLA.  On August 6, 2025, the Court set a trial date of September 29, 2025, and a pretrial conference and motion hearing on September 11, 2025, at 1:30 p.m. for defendant MESTANZA.

3.    Defendants are detained pending trial.  The parties estimate that the trial in this matter will last approximately six days.  All defendants are joined for trial and a severance has not been granted.

---

[1] Co-defendants PABLO RAUL LUGO LARROIG and JESON NELON PRESILLA FLORES already have their trial date set for February 23, 2026.  The other co-defendants have not yet appeared in this case.  Accordingly, this stipulation involves only defendant MESTANZA and defendant PADILLA.

1        4.   By this stipulation, defendants move to continue the trial

2    date to February 23, 2026, and the pretrial conference and motion

3    hearing to February 5, 2026, at 1:30 p.m.  This is the first request

4    for a continuance.

5        5.   Defendants request the continuance based upon the following

6    facts, which the parties believe demonstrate good cause to support

7    the appropriate findings under the Speedy Trial Act:

8        a.   Defendants are charged with violations of 18 U.S.C.

9    § 371: Conspiracy; 18 U.S.C. § 1951(a): Conspiracy to Interfere with

10   Commerce by Robbery and Interference with Commerce by Robbery; 18

11   U.S.C. § 659: Theft from Interstate or Foreign Shipment.  The

12   government has produced discovery to the defense, including law

13   enforcement reports, investigative process and returns, videos,

14   photographs, license plate reader information, cell-site location

15   information, and criminal history information for a total of 4,491

16   bates numbers.

17       b.   Defense counsel have the conflicts listed in Appendix

18   A.  Accordingly, counsel represent that they will not have the time

19   that they believe is necessary to prepare to try this case on the

20   current trial date.

21       c.   In light of the foregoing, counsel for defendants also

22   represent that additional time is necessary to confer with

23   defendants, conduct and complete an independent investigation of the

24   case, conduct and complete additional legal research including for

25   potential pre-trial motions, review the discovery and potential

26   evidence in the case, and prepare for trial in the event that a

27   pretrial resolution does not occur.  Defense counsel represent that

28   failure to grant the continuance would deny them reasonable time

1    necessary for effective preparation, taking into account the exercise
2    of due diligence.

3              d.    Defendants believe that failure to grant the
4    continuance will deny them continuity of counsel and adequate
5    representation.

6              e.    The government does not object to the continuance.

7              f.    The requested continuance is not based on congestion
8    of the Court's calendar, lack of diligent preparation on the part of
9    the attorney for the government or the defense, or failure on the
10   part of the attorney for the Government to obtain available
11   witnesses.

12        6.    For purposes of computing the date under the Speedy Trial
13   Act by which defendant's trial must commence, the parties agree that
14   the time period of September 22, 2025, for defendant PADILLA and
15   September 29, 2025, for defendant MESTANZA to February 23, 2026,
16   inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
17   (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a
18   continuance granted by the Court at defendant's request, without
19   government objection, on the basis of the Court's finding that: (i)
20   the ends of justice served by the continuance outweigh the best
21   interest of the public and defendant in a speedy trial; (ii) failure
22   to grant the continuance would be likely to make a continuation of
23   the proceeding impossible, or result in a miscarriage of justice; and
24   (iii) failure to grant the continuance would unreasonably deny
25   defendant continuity of counsel and would deny defense counsel the
26   reasonable time necessary for effective preparation, taking into
27   account the exercise of due diligence.

28

7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: August 16, 2025                    Respectfully submitted,

                                          BILAL A. ESSAYLI
                                          Acting United States Attorney

                                          CHRISTINA T. SHAY
                                          Assistant United States Attorney
                                          Chief, Criminal Division


                                          _____/s/_____
                                          KEVIN J. BUTLER
                                          JENA A. MACCABE
                                          Assistant United States Attorneys

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

1    I am CARLOS VICTOR MESTANZA CERCADO's attorney.  I have
2  carefully discussed every part of this stipulation and the
3  continuance of the trial date with my client. I have fully informed
4  my client of his Speedy Trial rights.  To my knowledge, my client
5  understands those rights and agrees to waive them.  I believe that my
6  client's decision to give up the right to be brought to trial earlier
7  than February 23, 2026, is an informed and voluntary one.

8  _____          8-22-25
9  ADAM AXELRAD                             Date
   Attorney for Defendant
10  CARLOS VICTOR MESTANZA CERCADO

11

12    I have read this stipulation and have carefully discussed it
13  with my attorney.  This agreement has been read to me in Spanish, the
14  language I understand best, and I have carefully discussed every part
15  of it with my attorney.  I understand my Speedy Trial rights.  I
16  voluntarily agree to the continuance of the trial date, and give up
17  my right to be brought to trial earlier than February 23, 2026.

18  _____          8-22-25
19  CARLOS VICTOR MESTANZA CERCADO            Date
   Defendant

20

21              **CERTIFICATION OF INTERPRETER**

22    I, _____Esteb Mell_____, am fluent in the written and
23  spoken English and Spanish languages.  I accurately translated this
24  entire agreement from English into Spanish to defendant CARLOS VICTOR
25  MESTANZA CERCADO on this date.

26  _____          8.22.25
27  INTERPRETER                              Date

28

                           6

1    I am JAZAEL PADILLA RESTO's, also known as "Ricardo Noel Moya,"

2    "Ricardo Barbosa," and "Alberto Javier Loza Chamorro," attorney.  I

3    have carefully discussed every part of this stipulation and the

4    continuance of the trial date with my client. I have fully informed

5    my client of his Speedy Trial rights.  To my knowledge, my client

6    understands those rights and agrees to waive them.  I believe that my

7    client's decision to give up the right to be brought to trial earlier

8    than February 23, 2026, is an informed and voluntary one.

9

10   ELON BERK                                Date  8/28/25
     Attorney for Defendant

11   JAZAEL PADILLA RESTO, aka
     "Ricardo Noel Moya," "Ricardo

12   Barbosa," and "Alberto Javier
     Loza Chamorro"

13

14   I have read this stipulation and have carefully discussed it

15   with my attorney.  This agreement has been read to me in Spanish, the

16   language I understand best, and I have carefully discussed every part

17   of it with my attorney.  I understand my Speedy Trial rights.  I

18   voluntarily agree to the continuance of the trial date, and give up

19   my right to be brought to trial earlier than February 23, 2026.

20

21   JAZAEL PADILLA RESTO, aka                Date  8/28/25
     "Ricardo Noel Moya," "Ricardo

22   Barbosa," and "Alberto Javier
     Loza Chamorro"

23   Defendant

24

25              **CERTIFICATION OF INTERPRETER**

26   I, _Christopher Troxell_, am fluent in the written and

27   spoken English and Spanish languages.  I accurately translated this

28   entire agreement from English into Spanish to defendant JAZAEL

7

PADILLA RESTO, also known as "Ricardo Noel Moya," "Ricardo Barbosa,"
and "Alberto Javier Loza Chamorro," on this date.

_____                          8-28-25
INTERPRETER                                              Date
# 103699