BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
Acting Chief, Major Crimes Section
JENA A. MACCABE (Cal. Bar No. 316637)
Acting Deputy Chief, Major Crimes Section
Assistant United States Attorneys
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6495/5046
    Facsimile: (213) 894-0141
    E-mail:    kevin.butler2@usdoj.gov
               jena.maccabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 5:25-CR-00198-KK-1, 2, 5 |
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, PRIVACY ACT INFORMATION, AND COOPERATING WITNESS INFORMATION |
| v. | |
| CARLOS VICTOR MESTANZA CERCADO, JAZAEL PADILLA RESTO,   aka "Ricardo Noel Moya,"   aka "Ricardo Barbosa,"   aka "Alberto Javier Loza Chamorro," JORGE ENRIQUE ALBAN, | PROPOSED ORDER FILED SEPARATELY |
| Defendants. | |

Plaintiff, United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kevin J. Butler, and Jena A. MacCabe, and defendants CARLOS VICTOR MESTANZA CERCADO, JAZAEL PADILLA RESTO, also known as "Ricardo Noel Moya," "Ricardo Barbosa," and "Alberto Javier Loza Chamorro," and JORGE ENRIQUE ALBAN ("defendants"), by and through their counsel of

record, Adam Axelrad, Elon Berk, and Robert Bernstein, respectively, (collectively the "parties"), for the reasons set forth below, request that the Court enter the proposed protective order (the "Protective Order") governing the use and dissemination of (1) personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), (2) material that may contain information within the scope of the Privacy Act, and (3) information related to cooperating witness(es) who may testify at trial.

Introduction and Grounds for Protective Order

1. Defendants are charged in this matter with violations of 18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 1951(a): Conspiracy to Interfere with Commerce by Robbery and Interference with Commerce by Robbery; and 18 U.S.C. § 659: Theft from Interstate or Foreign Shipment. Defendants MESTANZA and PADILLA are detained pending trial, and defendant ALBAN is released on bond pending trial.

2. A protective order is necessary because the government intends to produce to the defense materials regarding cooperating witnesses who may testify at trial. Because these materials could be used to identify the cooperating witnesses, the government believes that the unauthorized dissemination or distribution of the materials may expose him/her to potential safety risks.

3. A protective order is also necessary because the government intends to produce to the defense materials containing third parties' PII. The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. Because the government has an ongoing obligation to protect third parties' PII, the government

cannot produce to defendants an unredacted set of discovery containing this information without the Court entering the Protective Order. Moreover, PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendants, or prepare for trial.

4. An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information"). To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

5. The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendants.

Definitions

6. The parties agree to the following definitions:

   a. "CW Materials" includes any information relating to a cooperating witness's prior history of cooperation with law

enforcement, prior criminal history, statements, or any other information that could be used to identify a cooperating witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number.

   b. "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

   c. "Confidential Information" refers to any document or information containing CW Materials or PII Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

   d. "Defense Team" includes (1) each defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case. The Defense Team does not include defendants, defendants' family members, or any other associates of defendants.

<u>Terms of the Protective Order</u>

  7. The parties jointly request the Court enter the Protective Order, which will permit the government to produce Confidential Information in a manner that preserves the privacy and security of third parties. The parties agree that the following conditions in the Protective Order will serve these interests:

      a.    The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

      b.    If any defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

      c.    Each defendant and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

      d.    The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendants, while outside the presence of the Defense Team.

      e.    Each defendant may review PII Materials or CW Materials only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with any PII Materials or CW Materials.  At the conclusion of any meeting with defendant at which defendant is permitted to view PII Materials or CW Materials, defendant must return any PII Materials or CW

Materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her.  Defendant may not take any PII Materials or CW Materials out of the room in which defendant is meeting with the Defense Team.  At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendant, regardless of defendant's custody status.

   f. Each defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Defendant also may not write down or memorialize any data or information contained in the Confidential Information.

   g. The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendants.  A member of the Defense Team must be present if PII Materials or CW Materials are being shown to a witness or potential witness.  Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of the requirements of the Protective Order.  No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

   h. The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendants, witnesses, and potential witnesses, as restricted above,

to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendants, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.  CW Materials shall not be left unattended in any vehicle.

        i.   To the extent that any defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

        j.   The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeal filed by any defendant and any motion filed by any defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact any CW Materials or PII Materials and make all reasonable attempts to limit the divulging of CW Materials or PII Materials.

k. The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order. If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error. The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

l. The parties agree that if any Confidential Information contains both CW Materials and another category of Confidential Information, the information shall be handled in accordance with the CW Materials provisions of the Protective Order.

m. Confidential Information shall not be used by the defendants or Defense Team, in any way, in any other matter, absent an order by this Court. All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court. Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all PII Materials or CW Materials, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

n. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense

counsel transfers any Confidential Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings,
for: returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials or CW Materials.

o.   Defense counsel agrees to advise each defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

p.   Defense Counsel has conferred with defendants regarding this stipulation and the proposed order thereon, and defendants agree to the terms of the proposed order.

//
//

q. Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: September 9, 2025

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

     /s/
KEVIN J. BUTLER
JENA A. MACCABE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: September 9, 2025

   /s/ (w/ email auth.)
ADAM AXELRAD
Attorney for Defendant
CARLOS VICTOR MESTANZA CERCADO

DATED: September 9, 2025

   /s/ (w/ email auth.)
ELON BERK
Attorney for Defendant
JAZAEL PADILLA RESTO, aka "Ricardo Noel Moya," "Ricardo Barbosa," and "Alberto Javier Loza Chamorro"

DATED: September 9, 2025

   /s/ (w/ email auth.)
ROBERT BERNSTEIN
Attorney for Defendant
JORGE ENRIQUE ALBAN